MANCINO, ADM., ET, PLAINTIFF, *v.* SMITH ET, DEFENDANTS.

Probate Court, Cuyahoga County.

No. 626778.   Decided July 17, 1964.

*Messrs. Mancino & Mancino,* for plaintiff.
*Mr. Stephen G. Vamos,* for defendant, Barbara Smith.

## PETITION TO DETERMINE HEIRS
### FACTS

DECATUR, REFEREE. The decedent, Alex Smith, otherwise Alexander Smith, also know as Sandor Laszola, was the child of Barbara Laszlo and Frances (Francis) Laszlo. After Frances (Francis) Laszlo's death, Barbara Laszlo married one Stephen Smith, Sr., and became Barbara Smith.

On April 4, 1929, Sandor Laszlo was adopted by Stephen Smith, Sr., and his name was changed to Alex Smith.

Barbara Smith and Stephen Smith, Sr., had one child during their marriage. That was Stephen Smith, Jr.

On February 14, 1940, Barbara Smith and Stephen Smith, Sr., were divorced. On March 16, 1962, Alex Smith, otherwise Alexander Smith, a resident of Cuyahoga County, Ohio, died intestate.

The administrator of Alex Smith's estate has filed a petition to determine heirs of Alex Smith. The following have claimed to be heirs of the decedent:

Barbara Smith, Stephen Smith, Sr., and Stephen Smith, Jr.

Of those who claim to be heirs of Alex Smith, it is clear that Stephen Smith, Jr., the son of Barbara Smith and Stephen Smith, Sr., and step-brother (half-brother) of Alex Smith, is not entitled to share in the estate. A stepbrother's claim is clearly not superior to that of a parent of the decedent under Section 2105.06, Revised Code.

The mother of the decedent, Barbara Smith, is clearly an heir to his estate. The question to be resolved is, therefore, whether or not Stephen Smith, Sr., who adopted Alex Smith, is also an heir to Alex Smith's estate.

Ohio has a statute, Section 3107.13, Revised Code, which sets forth the legal rights of the child, and his natural and adopted parents after adoption. It is agreed that this section controls the rights of the parties to this action. There has been disagreement, however, over the construction to be given this statute.

First of all then let us set forth this statute in full. It is a recent law and was passed October 26, 1961.

Except in the case of a natural parent married to the adopting parent, the natural parents, if living, shall be divested of

all legal rights and obligations due from them to the child or from the child to them, and the child shall be free from all legal obligations of obedience or otherwise to such parents. The adopting parents of the child shall be invested with every legal right in respect to obedience and maintenance on the part of the child, and the child shall be invested with every legal right, privilege, obligation in respect to education and maintenance as if such child had been born to them in lawful wedlock. For all purposes under the laws of this state, including without limitation all laws and wills governing inheritance of and succession to real or personal property and the taxation of such inheritance and succession, a legally adopted child shall have the same status and rights, and shall bear the same legal relationship to the adopting parents as if born to them in lawful wedlock and not born to the natural parents; provided:

(A) Such adopted child shall not be capable of inheriting or succeeding to property expressly limited to heirs of the body of the adopting parents.

(B) In case of adoption by a stepfather or stepmother, the rights and obligations of the natural parent who is the spouse of the adopting stepparent shall not in any way be affected by such adoption.

This section does not debar a legally adopted child from inheriting under a will identifying such child by any name by which he has been or is known or other clear identification, property of such child's natural parent or parents or other natural kin as in case of bequest or devise to any other person.

For the purpose of inheritance to, through, and from a legally adopted child, such child shall be treated the same as if he were the natural child of his adopting parents, and shall cease to be treated as the child of his natural parents for the purpose of intestate succession, except where one of the natural parents of such child has died and his living parent remarries and such child is adopted by such stepfather or stepmother, in which case his right of inheritance from or through his natural parent or other natural kin shall not be affected by his adoption.

It is the position of Barbara Smith that under Section 3107.13, Revised Code, she is entitled to all of the proceeds of

the decedent's estate.  She contends that the following language in the statute:

In case of adoption by a stepfather or stepmother, the rights and obligations of the natural parent who is the spouse of the adopting stepparent shall not in any way be affected by such adoption,

means that as the surviving natural parent of Alex Smith, her right to all of his estate was not changed by Stephen Smith, Sr.'s adoption of her son.

In opposition to Barbara Smith's position, the Plaintiff in the Petition To Determine Heirs takes the view that the language of the statute:

For the purpose of inheritance to, through, and from a legally adopted child, such child shall be treated the same as if he were the natural child of his adopting parents, * * *

means that the estate of Alex Smith should pass under the statute of descent and distribution one-half to his natural mother, Barbara Smith, and one-half to his adoptive father, Stephen Smith, Sr.

## CONSTRUCTION OF THE STATUTE

As mentioned previously, the rights of Barbara Smith and Stephen Smith, Sr. are determined by the construction given the statute.  This statute, to the writer's knowledge, has never been construed on this point before.

In her brief Barbara Smith relies on Section 3107.13 (B), Revised Code, which provides that the *rights and obligations* of the natural parent, who is the spouse of the adopting parent, are not affected by the adoption.  (Emphasis mine.)  The words "rights and obligations" appear at another place in the statute.  That place is at the beginning where it is provided that except in the case of a natural parent married to the adopting parent, the natural parents, if living, shall be divested of all legal rights and obligations due from them to the child or from the child to them and that the adopting parents are invested with all legal rights and obligations to the child or from the child to them.

In the opinion of the writer, the "rights and obligations" mentioned in Section 3107.13 (B), Revised Code, refer to the rights and obligations previously set forth in the first para-

graph of the statute. These rights include the right of obedience and the obligations include the obligation of support. As a result of Section 3107.13 (B), Revised Code, is merely stating in positive terms what is set forth in negative terms at the beginning of the statute.

The third paragraph of Section 3107.13 (B), Revised Code, clearly deals with the inheritance to, through, and from a legally adopted child. This subject is presented separately and it is clear that this provision must be followed in questions of inheritance to, through, and from a legally adopted child.

It appears that Section 3107.13, Revised Code, deals with two separate situations and because of this has produced some uncertainty as to its meaning. The first situation is where a child is adopted by parties neither of whom is the natural parent of the child. In such case the statute makes it clear that all rights and obligations between the child and his natural parents are eliminated and the adoptive parents are given the rights and obligations formerly held by the natural parents. The statute also provides that the adoptive parents inherit from the adopted child as if he was their own natural child.

The second situation which the statute seeks to cover is where a child is adopted by parties, one of whom is the natural parent of the child. If the policy set forth to govern the situation where the child is adopted by parties, neither of whom is the natural parent, was followed in such a case, the natural parent would not have any rights or obligations in regard to the child. The statute clearly seeks to avoid that result. The natural parent is given the rights and obligations due from him to the child and from the child to him. However, it is not suggested in the statute that because these rights and obligations are given to the natural parent they are not also given to the adopting parent. The natural parent surely is not given the exclusive right to the child's obedience. Surely, the statute does not give the natural parent the exclusive obligation to support the child. It is only reasonable to believe that the statute provides that in the case of adoption by a stepfather or stepmother, the natural parent and the adoptive stepfather or stepmother are to be treated equally. Under this construction the natural parent and the adoptive parent have equal and joint rights and obligations to and from the child.

Under the preceding construction, there is no inconsistency in the view that when the statute provides that for the purpose of inheritance to, through, and from a legally adopted child, such child shall be treated the same as if he were the natural child of the adopting parents; it is intended to cover the situation where neither of the parties is a natural parent of the child and the situation where one of the parties is a natural parent of the child.

As a result, under the above construction of Section 3107.13, Barbara Smith, the natural mother of Alex Smith, and Stephen Smith, Sr., the adoptive father of Alex Smith, are both heirs of the decedent and are entitled to share equally in his estate. Journal Entry to be prepared accordingly. Exceptions.

Approved by MERRICK, P. J.